SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: 415.436.6857
Facsimile:  415.436.6748
Email: patricia.kenney@usdoj.gov

E-filing

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | C 07 2755 JL |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | COMPLAINT FOR FORFEITURE |
| (1) APPROXIMATELY $29,900 IN UNITED STATES CURRENCY AND (2) APPROXIMATELY $21,000 IN UNITED STATES CURRENCY, | ) ) ) ) | |
| Defendants. | ) | |

NATURE OF THE ACTION

1.    This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the seizure of defendant approximately $29,900 in United States Currency ("defendant $29,900") and defendant approximately $21,000 in United States Currency which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation Subchapter I, Chapter 13 of Title 21 United States Code.

JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C. § 881(a)(6).

3. Venue in this Court is proper because defendant $29,900 and defendant $21,000 were seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

4. Intra-district venue is proper in the San Francisco Division within the Northern District of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. After the Drug Enforcement Administration ("DEA") gave proper notice of the seizure of defendant $29,900, DEA received on or about March 21, 2007, a declaration made under penalty of perjury from David Tennenbaum who claims that he owns defendant $29,900. After the DEA gave proper notice of the seizure of defendant $21,000, DEA received on or about February 26, 2007, a declaration made under penalty of perjury from Gregory Blank who claims he owns defendant $21,000.

6. This action is timely filed. 18 U.S.C. § 983(a)(3)(A).

## PARTIES

7. Plaintiff is the United States of America.

8. The first defendant is Approximately $29,900 in United States Currency and the second defendant is Approximately $21,000 in United States Currency.

## FACTS

9. On or about January 12, 2007, DEA received detailed information that Gregory Blank ("BLANK") was traveling from John F. Kennedy International Airport in New York on JetBlue flight #107 to Oakland International Airport in Oakland, California ("OAK"), and was carrying a large amount of United States Currency. BLANK told a Transportation Security Administration employee at JFK that the large amount of currency had been won in a World Series Poker Tournament in Atlantic City, New Jersey and that he was on his way, via Oakland, to Las Vegas to gamble. BLANK was described as a white male, wearing a brown Yankee's hat, blue pull over sweater, blue jeans and brown/white Nike shoes.

10. At approximately 10:07 p.m. JetBlue flight #107 landed at OAK, and taxied to Gate 9A where DEA Task Force Agents observed passengers deplane, but did not see anyone matching BLANK's description. DEA Group Supervision ("G/S") John J. Marin inquired at the

Complaint for Forfeiture
No. 07-                                                    2

1  JetBlue counter as to the whereabouts of BLANK and was told that two passengers were still in
2  the jet way waiting for a carry-on bag that they had been required to check at the airplane.
3      11.  At approximately 10:15 p.m., the DEA Task Force Agents observed BLANK exit
4  Gate 9A with another white male later identified as David Tennenbaum ("TENNENBAUM").
5  Special Agent ("S/A") Willie Byrd and S/A Jay Dial approached BLANK, identified themselves
6  as DEA agents by showing their credentials and conducted a consensual encounter with BLANK.
7  At the same time, G/S Martin and S/A Michael Tolliver approached TENNENBAUM, identified
8  themselves as DEA agents by showing their credentials and conducted a consensual encounter
9  with TENNENBAUM.
10     12.  S/A Byrd advised BLANK that he was not under arrest and asked if he could ask
11 BLANK a few questions. BLANK said "yes." S/A Byrd asked BLANK about his travel
12 itinerary. BLANK stated that he had flown to OAK to meet a friend, named Jason Tokayer
13 ("TOKAYER"), who had attends The University of Southern California. Now that the plane had
14 landed, BLANK planned to call TOKAYER at 201.414.3072. BLANK and TOKAYER planned
15 to rent a vehicle to drive to Los Angeles to gamble at a casino and, if things went well, they
16 would drive to Vegas and return to Oakland for a return flight to New York. S/A Byrd asked
17 BLANK if he currently had illegal drugs or a large amount of United States Currency in his
18 possession. BLANK replied "Ok, I know what this is about and yes, I have money in my bag."
19 S/A Byrd asked BLANK if agents could search his bag, and BLANK replied "yes." S/A Dial
20 searched BLANK's bag while S/A Byrd continued to question him. S/A Byrd asked BLANK if
21 he had been questioned by anyone before and, if so, where and when. Blank stated "Yes, in New
22 York by TSA." S/A Byrd asked BLANK if he was traveling alone, and Blank stated "No" that
23 he was on the same flight as his childhood friend, TENNENBAUM. TENNENBAUM, however,
24 had come to Oakland to set up a caterer business and that he might or might not hang out with
25 BLANK. S/A Dial found in BLANK's brown Johnston & Murphy shoe bag five bundles of
26 United States currency each wrapped with a rubber band. BLANK told the agents that the
27 currency was money received from his caterer business and that he had retrieved the currency
28 from his business safe for gambling money. BLANK stated that he was a business owner of a

Complaint for Forfeiture
No. 07-                                        3

1  deli/catering business in Manhattan called Ari's Deli that is located on Amsterdam Avenue, but
2  was unable to provide an address for the business. When asked about the amount of the United
3  States currency, BLANK said that was between $20,000 and $25,000, but that he was unsure of
4  the exact amount due to the fact that he does not keep receipts or records of the money that is
5  kept in the safe of his business. BLANK stated to the agents several times that he was very
6  nervous. BLANK gave the agents 646.249.5667 as a contact cell telephone number for BLANK.

13. As mentioned, G/S Martin and S/A Tolliver also conducted a consensual encounter of TENNENBAUM and asked him questions. In response, TENNENBAUM told them he was currently a student at SUNY Binghamton and was traveling with BLANK to Oakland. Once in Oakland, they were going to rent a vehicle, and travel to Los Angeles to meet a friend, TOKAYER, who attends The University of Southern California. Afterwards they planned to go to an unknown local Southern California casino to gamble. TENNENBAUM told agents that the reason he flew to Oakland instead of Los Angeles was because when he told JetBlue he wanted to fly to California, JetBlue said they had a good deal to Oakland, which his friend stated was approximately a four hour drive to Los Angeles. TENNENBAUM stated to agents that he had never been arrested.

14. When S/A Byrd came over, G/S Martin and S/A Tolliver told S/A Byrd what TENNENBAUM had just said (which is reported in paragraph 13 above). S/A Byrd asked TENNENBAUM if he currently had any illegal drugs or a large amount of United States currency in his possession. In response to additional questions, TENNENBAUM stated that he had between $20,000 and $25,000 in his possession and that the currency was in his backpack. S/A Byrd asked if the agents could search his luggage, and TENNENBAUM replied "Yes." S/A Byrd searched TENNENBAUM's luggage while S/A Tolliver continued to question TENNENBAUM. TENNENBAUM stated that he received the money from his "wealthy parents" and playing cards at college. S/A Byrd located a brown Johnston & Murphy shoe bag inside TENNENBAUM's back pack that contained five large bundles of United States currency each wrapped in a rubber band. The Johnston & Murphy shoe bag containing the United States currency was identical to that BLANKS had used to secret defendant $21,000. While searching

Complaint for Forfeiture
No. 07-                                                4

the TENNENBAUM's luggage, S/A Byrd could smell the odor of marijuana on the clothes in the luggage. When asked about the odor, TENNENBAUM replied that he was partying at school and his friends were smoking marijuana and that the smoke might still be on his clothes. The currency was later seized pending investigation and counted.

15. While S/A Byrd was talking to TENNENBAUM, S/A Dial asked BLANK if he knew if TENNENBAUM was carrying any large sums of money. BLANK stated that TENNENBAUM told him that he was carrying some money with him. S/A Dial asked BLANK if the money TENNENBAUM was carrying was actually BLANK's money. BLANK immediately looked away, lost eye contact with S/A Dial and replied in a much lower volume, "no." S/A Dial waited about one minute then asked again if the money TENNENBAUM was carrying was BLANK's. BLANK responded in exactly the same manner, with no eye contact and lowered voice volume.

16. S/A Byrd explained to BLANK and TENNENBAUM that the currency was going to be seized pending further investigation. The total currency in BLANK's bag became defendant $21,000 in this civil forfeiture action. The denominations of defendant $21,000 were as follows: 96 x $100 dollar bills; 58 x $50 dollar bills; 422 x $20 dollar bills; 6 x $10 dollar bills. The packaging and denominations of defendant $21,000 are consistent with those used for, or from, the sale of illegal controlled substances. The currency in TENNENBAUM's bag became defendant $29,900 in this civil forfeiture action. The denominations of defendant $29,900 were as follows: 82 x $100 dollar bills; 123 x $50 dollar bills; 773 x $20 dollar bills; 9 x $10 dollar bills. The packaging and denominations of defendant $29,900 are consistent with those used for, or from, the sale of illegal controlled substances.

17. On January 13, 2007, at approximately 3:00 p.m., Task Force Officer Kevin O'Malley had his certified narcotic detection canine "Elway" perform a search of a portion of the Baggage Claim area where other luggage and bags were in addition to the two separately placed bags containing defendant $29,900 and defendant $21,000. "Elway" conducted a systematic search of the area and made a positive alert to the odor of narcotics coming from each of the separately placed bags containing a defendant in this action. "Elway" makes a positive alert by

barking and scratching. This is an indication to TFO O'Malley that the odor or narcotics was emanating from the bag. "Elway" is certified to detect heroin, cocaine, marijuana, hashish and methamphetamine. TFO O'Malley has handled and trained "Elway" since March of 1997. "Elway" has successfully located drugs over 300 times in past cases and in training.

18. On January 23, 2007, S/A Byrd through an administrative subpoena properly obtained subscriber and toll analysis during the period from January 8, 2007 to January 17, 2007 for the T-Mobile cellular number which BLANK provided S/A Byrd as a contact number. Although BLANK told agents he planned immediately to call a his friend Joseph TOKAYER after getting off the plane at 201.414.3072, the toll records for BLANK's cell phone show that BLANK never contacted TOKAYER on his cell at any time on the January 12 after BLANK arrived or at any time during the next five days. Toll analysis reflects that one of the outgoing calls made from BLANK's cell phone on January 13, 2007, the day after defendants were seized, was to the National Organization for the Reform of Marijuana Laws ("NORML").

19. On January 30, 2007, DEA Task Force Agent Kevin Ward arrived at the Ari's Deli located at 2566 Amsterdam Avenue, New York, New York, to conduct an interview with Ari White, who acknowledged that he has been the owner of Ari's for two years. Although White admitted that he had known BLANK since childhood, White told TFA Ward that he had not seen or heard from BLANK in the past year. White stated that BLANK never had any ownership of Ari's, and that White is the sole owner. TFA Ward confirmed this from a consumers license and a health department license displayed inside of the deli which listed White as the sole owner. White told TFA Ward that he borrowed $10,000 from BLANK to get his deli business started and that he currently only owes BLANK $2,500.

20. Due to the totality of the circumstances, defendant $29,900 and defendant $21,000 in United States currency was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or traceable to such an exchange, or money used or intended to be used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code.

///

VIOLATION

21.     The United States incorporates by reference the allegations in paragraphs one through 20 as though fully set forth.

22.     Section 881(a)(6) of Title 21 of the United States Code, provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 United States Code, all proceeds traceable to such an exchange and all money used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.

23.     In light of the foregoing, defendant $29,900 and defendant $21,000 in United States Currency are subject to seizure and judicial forfeiture.

*   *   *   *   *

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant $29,900 and defendant $21,000; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant $29,900 and $21,000; and that the United States be awarded such other relief as may be proper and just.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: May 24, 2007

STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: 
AUSA Kenney

Complaint for Forfeiture
No. 07-                                      7

VERIFICATION

I, Willie Byrd, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration Task Force, United States Department of Justice, and am the case agent. As such, I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24 day of May, 2007, in San Francisco, California.

WILLIE BYRD
Special Agent
Drug Enforcement Administration

Complaint for Forfeiture
No. 07-                                             8